UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cr-333-MOC

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Vs. | ) | ORDER |
|  | ) |  |
| SEAN DALTON WILLIAMS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

**THIS MATTER** is before the Court on Defendant's Motion for Early Termination of Probation, filed through counsel. (Doc. No. 35). The Government has filed a response opposing Defendant's motion. For the following reasons, the motion is denied.

I.  BACKGROUND AND DISCUSSION

On November 21, 2019, Defendant Sean Dalton Williams pleaded guilty to a Bill of Information charging him with one count of aiding and assisting in the preparation of a false tax return, in violation of 26 USC § 7206(2). Defendant's guideline range was 3 years in prison, but this Court varied downward to 5 years' probation. Defendant was also ordered to pay $276,540 in restitution. Defendant now seeks early termination of his sentence of probation.

Under 18 U.S.C. § 3564(c), a federal court may modify or terminate a term of probation or supervised release that has been previously imposed by considering the factors set forth in 18 U.S.C. § 3553(a) if it is "satisfied that such action is warranted by the conduct of the defendant and the interest of justice." 18 U.S.C. § 3564(c); see also United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or

1

inappropriately tailored to serve' general punishment goals." Folks v. United States, 733 F. Supp. 2d 649, 651 (M.D.N.C. 2010) (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)).

The Court will deny Defendant's motion. As the Government notes, this Court already varied downward significantly when it sentenced the Defendant to five years' probation when the advisory Guidelines sentence was more than 3 years in prison. In doing so, the Court considered the § 3553(a) factors and has already given him the significant benefit of that consideration. To further decrease his already reduced punishment would undermine the need to provide adequate deterrence to others, a § 3553(a) factor. Moreover, Defendant still has significant restitution to pay, having only paid $2,550 to date of the total amount owed of $276,540.

The Court agrees that while it is commendable that Defendant has abided by his terms of Probation, this is not "exceptionally good behavior," but merely what Defendant is supposed to be doing. Moreover, as the Government notes, this Court previously modified Defendant's terms of probation to permit additional travel to South Carolina to care for his parents.[1]

In sum, Defendant's pro se Motion for Early Termination of Probation, (Doc. No. 35), is **DENIED**.

Signed: December 18, 2024

Max O. Cogburn Jr
United States District Judge

---

[1] The Government also notes in its opposition brief that if Defendant needs to move to South Carolina to assist with their needs more directly, supervision could easily be transferred to the District of South Carolina to permit Defendant to finish serving his sentence.